Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rosario Torres, *on behalf of herself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>DirecTV, LLC,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1.     Plaintiff Rosario Torres ("Plaintiff") brings this putative class action against DirecTV, LLC ("Defendant") pursuant to the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, on behalf of herself and all others similarly situated.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

Complaint - 1

# PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Surprise.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(5) and 12 C.F.R. § 205.1(e).

6. Defendant is a California limited liability company who, upon information and belief, is duly licensed to conduct business within the state of Arizona, with its principal place of business located at 2230 E. Imperial Highway, El Segundo, California 90245.

# THE ELECTRONIC FUND TRANSFER ACT

7. The EFTA is a federal statute that regulates electronic fund transfers—in particular, preauthorized transfers—initiated by consumers through financial institutions.

8. Congress passed EFTA "to provide a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b).

9. Courts have observed that it was "[t]he dependency of electronic fund transfer systems on computers and the resulting absence of any human contact with the transfer [that] motivated Congress to pass the EFTA, as well as the lack of a written record." *Vigneri v. U.S. Bank Nat'l Ass'n.*, 437 F. Supp. 2d 1063, 1066 (D. Neb. 2006).

10. In passing the EFTA, however, Congress noted that "[t]he primary objective of [the EFTA] . . . is the provision of individual consumer rights." 15 U.S.C. § 1693(b).

11. Section 1693e(a) of the EFTA provides in pertinent part:

> A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made.

15 U.S.C. § 1693e(a).

12. Similarly, Section 205.10(b) of the CFR provides that:

> Preauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer.

12 C.F.R. 205.10(b)

**FACTUAL ALLEGATIONS**

13. Plaintiff's bank account was established for personal, family, or household purposes, and thus is an "account" as defined in 15 U.S.C. § 1693a(2) and 12 C.F.R. 1005.2(b)(1).

14. In or about January of 2015, Plaintiff signed up for Defendant's satellite television services over the phone and an employee of Defendant came to Plaintiff's home for the installation of Defendant's services.

15. Plaintiff entered into a contract with Defendant for satellite television services at that time and authorized an electronic payment over the phone.

16. Defendant failed to provide Plaintiff with a copy of her signed, written authorization at the time the authorization was made.

17. Defendant also failed to provide Plaintiff with a copy of her signed, written authorization at any later time.

18. Plaintiff believed that her signature had only authorized the first month's payment at the time of installation.

19. Based on that belief, the following month, February, Plaintiff began making payments through bill pay to Defendant.

20. Plaintiff continued to make payments through bill pay to Defendant during the months of March and April as well.

21. Despite Plaintiff's payments, Defendant took out electronic payments from Plaintiff's account in February, March, and April of 2015.

22. At no time did Plaintiff authorize Defendant to make preauthorized electronic fund transfers as she believed her signature only constituted the first month's payment.

23. Defendant's withdrawals occurred at substantially regular intervals and thus were "Preauthorized electronic funds transfers" as defined by 15 U.S.C. § 1693a(10) and 12 C.F.R. 1005.2(k).

**CLASS ACTION ALLEGATIONS**

24. Plaintiffs repeat and re-allege all factual allegations above.

25. Upon information and belief, Defendant routinely obtains and uses bank account information from its customers to establish recurring electronic fund transfers at the time of installation.

26. Upon information and belief, Defendant routinely obtains an individual's written consent by an electronic signature, such as on a tablet computer, as Defendant did with Plaintiff above.

Complaint - 4

27. Upon information and belief, after acquiring an individual's signature, Defendant fails to give a copy of the signed agreement either at the time of the transaction or at a later time, as Defendant failed to do with Plaintiff above.

28. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> All individuals in the United States from whose checking account Defendant, in the year prior to the filing of this complaint, made an electronic fund transfer pursuant to a preauthorized electronic fund transfer agreement without first obtaining the individual's written authorization or providing the individual a copy of such authorization.

29. The proposed class specifically excludes the United States of America, the State of Arizona, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

30. The class is averred to be so numerous that joinder of members is impracticable.

31. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

32. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

33. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the EFTA; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

34. The claims of Plaintiff are typical of the claims of the class she seeks to represent.

35. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

36. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

37. Plaintiff will fairly and adequately protect the interests of the class and have no interest adverse to or which directly and irrevocably conflict with the interests of other class members.

38. Plaintiff is willing and prepared to serve this Court and the proposed class.

39. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

40. Plaintiff has retained the services of counsel who is experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiffs and all absent class members.

41. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

42. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

43. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

45. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1693e(a)

46. Plaintiff repeats and re-alleges each and every factual allegation above.

47. "A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made." 15 U.S.C. § 1693e(a).

48. Defendant violated 15 U.S.C. § 1693e(a) by initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account without having Plaintiff's written authorization or its equivalent.

49. Defendant violated 15 U.S.C. § 1693e(a) by initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account without sending Plaintiff a copy of her signed, written authorization.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes.

b) Adjudging that Defendant violated 15 U.S.C. § 1693e(a) and Regulation E;

c) Enjoining Defendant from further violations of 15 U.S.C. § 1693e(a) and Regulation E;

d) Awarding Plaintiff and the class members she seeks to represent, actual damages, pursuant to 15 U.S.C. § 1693m(a)(1);

e) Awarding Plaintiff and the class she seeks to represent statutory damages, such amount as the court may allow, except that no minimum recovery shall be applicable to each member of the class and that total recovery will be the lesser of $500,000 or 1 percentum of the net worth of Defendant, pursuant to 15 U.S.C. § 1693m(a)(2)(B);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1693m(a)(3); and

g) Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

50.   Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 15, 2016

                            Respectfully submitted,

                            <u>s/ Russell S. Thompson, IV</u>
                            Russell S. Thompson, IV (029098)
                            Thompson Consumer Law Group, PLLC
                            5235 E. Southern Ave., D106-618

Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com

Attorney for Plaintiff